IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVEN MCCAIN | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv9 |
| TEX. COURT OF CRIMINAL APPEALS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Steven McCain, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of mandamus. This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner states he previously filed a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied the application without written order on November 16, 2022. Petitioner states a motion for rehearing was also denied. Petitioner asks this court to issue a writ of mandamus directing the Court of Criminal Appeals to address the grievances set forth in his application.

Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts may issue all writs necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. However, a federal court lacks the general power to issue writs of mandamus to direct state court and their judicial officers in the performance of their duties where mandamus is the relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1983); *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383,

383 (5th Cir. 1971). As petitioner seeks mandamus relief, this court cannot grant the relief sought. This petition should therefore be dismissed. *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus because federal courts lack the power to direct state courts in the performance of their duties).

## Recommendation

This petition for writ of mandamus should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

Failure by a party to timely file objections will bar that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations contained herein, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 31st day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge